UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN LEONE,<br><br>Defendant. | Case No. 12-cr-00458-JSW-1<br><br>**ORDER VACATING HEARING AND DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 71 |

This matter comes before the Court upon consideration of the motion for early termination of supervised release filed by Defendant Stephen Leone ("Leone"), which is scheduled for a hearing on November 12, 2024. The Court has considered Defendant's motion, the Probation Officer's response, the brief submitted by the victims in this case, and the Government's opposition. Leone did not file a reply. The matter is ripe for consideration and can be resolved without oral argument. The Court VACATES the hearing and DENIES Leone's motion.

**ANALYSIS**

On October 12, 2012, Leone entered a guilty plea to one count of transportation of child pornography in violation of 18 U.S.C. section 2252(a)(1). The nature of the offense is well documented, and the Court will not repeat the facts in this Order.

On January 10, 2013, the Court sentenced Leone to a term of imprisonment of 135 months and imposed a five year mandatory minimum term of supervised release. Leone began his term of supervised release on January 14, 2021. He now moves for early termination of that term because he wants to move to New Jersey to be close to his family. As the moving party, Leone bears the burden to show that early termination is appropriate. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

> The court may, after considering the factors set forth in [18] section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e), (e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."). In *Emmett*, the Ninth Circuit emphasized that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." 749 F.3d at 819; *accord United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000).

Section 3583(e) permits "a sentencing court . . . to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (citing *Miller*, 205 F.3d at 1101). The statute does not "categorically require[] a petitioner to demonstrate undue hardship." *Emmett*, 749 F.3d at 819. However, the lack of undue hardship may be considered among other factors to determine whether the interest of justice warrants early termination. *Id.* at 820. Although a district court "'need not tick off each of the [relevant] § 3553(a) factors to show that it has considered them,'" it must provide "an explanation that would permit meaningful appellate review and justify the court's conclusion." *Id.* at 822 (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)).

There is no dispute that Leone has served more than one year of supervised release. Leone does not argue that his conditions of supervised release are precluding his move, and his probation officer submitted a request to the District of New Jersey on his behalf. The Probation Officer received approval for the transfer, which is paused pending the outcome of this motion. (Dkt. No. 73, Probation Response at p. 2.) Leone's argument in favor of early termination rests primarily on the fact that he has complied with his conditions and is performing well. Hardship, or the lack

thereof, is one of several factors to consider. *Emmett,* 749 F.3d at 819-20. The Court concludes that there is no hardship in this case if the Court continues to require supervision. The Court also has considered the costs that could be saved if the Court were to grant his motion, and it recognizes that continued supervised release does impose costs on the public.

The Court turns to the Section 3553(a) factors and the interest of justice. For the reasons that follow, the Court concludes they do not weigh in favor of granting the motion. Leone could have been subject to a mandatory minimum term of 15 years but was able to negotiate a Rule 11(c)(1)(C) plea, which the Court accepted. The nature and circumstances of this offense were extremely serious and warranted the term of imprisonment the Court imposed. Although the Court is not precluded from terminating supervised release early, the Court also takes into consideration that Congress determined that a mandatory minimum term of five years was appropriate for the offense. Therefore, the Court finds that the factors in 3553(a)(1), (a)(2)(B), and (a)(4) do not support terminating supervised release at this time.

The Court also must consider the need to protect the public from further crimes. 18 U.S.C. § 3553(a)(2). Based on the record, Leone has not been charged with any new crimes in this Court, but the Probation Officer notes he has received municipal citations. (Probation Response at 2.) Leone also has not always respected the requirements that he not have contact with the victims, which required the Court to modify his conditions of release several times. The last modification occurred on November 16, 2023. (*Id.* at pp. 2-3.) The victims also report that he has kept apprised of their personal lives. They are concerned that if his conditions of supervised release are terminated there would be nothing stopping him from continuing to contact them. These facts also weigh against granting the motion.

Leone has done well with his sex offender treatment, and is in the "maintenance" phase of treatment. That fact implicates Section 3553(a)(4): providing Leone with correctional treatment in the most effective manner. The Court commends Leone for the work he has done but concludes that additional supervised treatment would be to his benefit. The Court also considers the need to provide restitution. Leone initially failed to make any payments, which necessitated intervention by the Court. He apparently has been more consistent in making payments, but the Court again

3

concludes additional supervision is warranted. See 18 U.S.C. § 3553(a)(7).

For each of these reasons, the Court DENIES Leone's motion for early termination. Nothing in this Order should be construed as an order precluding the transfer of supervision to New Jersey.

**IT IS SO ORDERED**.

Dated: November 7, 2024

_____
JEFFREY S. WHITE
United States District Judge